IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREENBERG & LIEBERMAN, LLC,      *
    Plaintiff,
                                            *

v.
                                            *

JOHN DOES 1-20, *et al.*                Civil Action No. 8:26-cv-00187-JRR
    Defendants,                           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

      According to the original complaint, Defendant Bitget is "licensed in Seychelles with operations in Singapore." (ECF No. 1 at ¶ 8.) The First Amended Verified Complaint (ECF No. 5) contains no allegation as to Bitget's status as an entity. Neither pleading provides an address for Bitget. In response to the order at ECF No. 13, by filing at ECF No. 14, Plaintiff provides a screenshot as demonstration that it transmitted to Bitget the court's *ex parte* Temporary Restraining Order ("TRO") at ECF No. 10 via email to legal@bitget.com.[1] That submission (ECF No. 14) does not include the attached order (although it appears to be an attachment in the screenshot). According to the record, Plaintiff has not requested issuance of summonses, and none has been issued. Further, other than the undated email screenshot at ECF No. 14, the record does not reflect any other form service of the First Amended Verified Complaint or the TRO.

      Rule 4 provides that, where a foreign business entity is served not in a judicial district of the United States, a plaintiff may serve by: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally

---

[1] The screen shot email does not indicate the date it was sent.

agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (B) as the foreign authority directs in response to a letter rogatory or letter of request; or (C) unless prohibited by the foreign country's law, by: . . . (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or (3) by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f); *see also* FED. R. CIV. P. 4(h)(2).

A hearing on Plaintiff's request for entry of a preliminary injunction is currently scheduled for Tuesday, February 10, 2026—the court having already extended the TRO per Rule 65(b)(2) to accommodate the court's schedule and to allow the parties to be present. The court declines to hold the hearing on the requested preliminary injunction absent service of process on Bitget and an opportunity for a status conference with the court as to briefing and the like.

Therefore, by filing no later than 12:00PM, Monday, February 9, 2026, Plaintiff shall demonstrate with specificity what efforts have been made to request issuance of summonses, and to effect service of process in accordance with Rule 4, and shall advise of the status of communications with Bitget (including counsel for Bitget, if any) as to acknowledgement of its receipt of the TRO and intention to appear in this action, including at the hearing set for Tuesday, February 10. If Plaintiff instead seeks extension of the TRO, Plaintiff is obliged to demonstrate good cause why the TRO should be extended. Inasmuch as the TRO was issued *ex parte* (the court having found proper grounds to do so at the time), the court is extraordinarily mindful that the TRO shall not be extended absent substantial good cause to do so given the extraordinary relief it provides.

                                                /S/

                                                _____

                                                Julie R. Rubin

February 5, 2026                       United States District Judge